**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY OROPEZA, | No. 08-73127 |
| Petitioner, | Tax Ct. No. 3707-05L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent. | |

Appeal from a Decision of the
Tax Court

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Anthony Oropeza appeals pro se from the Tax Court's decision upholding

the Office of Appeals's determination approving the Commissioner of Internal

Revenue's (the "Commissioner") proposed collection action against Oropeza for

unpaid tax assessments for the years 1999, 2000, and 2001.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 26 U.S.C. § 7482(a). We review de novo, *Fargo v. Comm'r*, 447 F.3d 706, 709 (9th Cir. 2006), and we affirm.

The Tax Court properly reviewed appropriate evidence in the administrative record and concluded that the Office of Appeals did not abuse its discretion in determining that the Commissioner's proposed collection action was correct. *See* 26 U.S.C. § 6330(c)(3)(B) & (3)(C); *see also Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (the "whole" administrative record before tax court includes "all documents and materials directly or *indirectly* considered by [the] agency") (emphasis in original). Specifically, Oropeza failed to demonstrate that the Commissioner's assessment procedures were improper, that the Secretary of Treasury did not delegate his authority to Internal Revenue Service ("IRS") personnel, or that the Office of Appeals erred in offering him only a telephonic collection due process hearing. *See* 26 C.F.R. § 301.6330-1(d)(2)(Q&A-D6 to D-8) (hearings to review proposed collection activity are informal, need not be recorded, and may be conducted by correspondence, telephone, or face-to-face); *see also Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) (absent contrary evidence, IRS Certificate of Assessments and Payments establishes that notices and assessments were proper); *Hughes v. United States*,

953 F.2d 531, 536 (9th Cir. 1992) (rejecting argument that IRS agents acted without proper authority from Treasury Secretary).

The Tax Court did not abuse its discretion in imposing a $10,000 penalty on Oropeza for raising frivolous arguments after he was repeatedly warned that he could be sanctioned if he continued to pursue groundless positions. *See* 26 U.S.C. § 6673(a)(1) (authorizing penalty up to $25,000 against taxpayer who institutes proceedings frivolously or primarily for delay); *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993) (no abuse of discretion in sanctioning taxpayer under § 6673 after putting him on notice that sanctions could result from frivolous litigation).

Oropeza's remaining contentions are unpersuasive.

**AFFIRMED**.