**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-5

UNITED STATES TAX COURT

FRANK GIBSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14758-12S L.                    Filed January 9, 2014.

Frank Gibson, pro se.

John F. Driscoll and Thomas A. Friday, for respondent.

SUMMARY OPINION

LAUBER, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code.[1]  Pursuant to section 7463(b), the decision to

_____

[1]All statutory references are to the Internal Revenue Code in effect at the
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In this collection due process (CDP) case, petitioner seeks review pursuant to section 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold a notice of intent to levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his action in sustaining the levy was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

Petitioner has offered no rebuttal to the facts respondent outlined. The following uncontroverted facts are therefore based on the petition, respondent's motion for summary judgment, and respondent's other filings in this case. See, e.g., Ulloa v. Commissioner, T.C. Memo. 2010-68. Petitioner resided in Alabama when he filed his petition with this Court.

For the years 2007 and 2008 petitioner did not timely file his Federal income tax returns. On October 18, 2010, the IRS prepared a substitute for return for each year and on December 28, 2010, mailed petitioner a notice of deficiency for both tax years. It is unclear from the record whether petitioner received that notice. On November 21, 2011, having received no payment from petitioner, the

IRS issued a notice of intent to levy with respect to petitioner's tax liabilities for both years. Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing.

On March 5, 2012, the IRS mailed petitioner an acknowledgment letter and scheduled a CDP hearing for April 4, 2012. The acknowledgment letter informed petitioner that the IRS at this hearing could "consider whether you owe the amount due." The letter also informed petitioner that, if he sought a collection alternative, he needed to supply financial information to the IRS, including a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and signed tax returns for 2006, 2009, and 2010.

Petitioner provided no documentation and proposed no collection alternative before the scheduled CDP hearing. He failed to participate in that hearing and did not request that it be rescheduled. The IRS then mailed petitioner a "last chance" letter requesting that he submit financial information if he wished the IRS to consider a collection alternative. Petitioner submitted no information and failed to contact the IRS regarding his case. Accordingly, on May 8, 2012, the IRS issued a notice of determination to petitioner sustaining the proposed levy. Petitioner timely sought review in this Court.

On July 19, 2013, respondent filed a motion for summary judgment, and the Court ordered petitioner to file a response to this motion by September 20, 2013. The order advised petitioner that "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a motion for summary judgment." Petitioner has not responded either to respondent's motion or to the Court's order.

## Discussion

A.    Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121 the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. However, the nonmoving party "may not rest upon mere allegations or denials" but instead "must set forth specific facts showing there is a genuine dispute." Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Because petitioner failed to respond to respondent's motion for summary judgment, the Court could enter a decision against him for that reason alone. <u>See</u> Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

B.      Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of the underlying tax liability is at issue, the Court will review the Commissioner's determination de novo. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). Where there is no dispute concerning the underlying tax liability, the Court reviews the IRS decision for abuse of discretion. <u>Id.</u> at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. <u>See</u> <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006).

In seeking Tax Court review of a notice of determination, the taxpayer can challenge his underlying tax liabilities for the years at issue only if he properly raised such a challenge at his CDP hearing. <u>See</u> sec. 301.6330-1(f)(2), Q&A-F3,

Proced. & Admin. Regs.  An issue is not properly raised if the taxpayer fails to request consideration of that issue by Appeals or if he requests consideration but fails to present evidence to Appeals concerning that issue after being given a reasonable opportunity to do so.  Id.; see Thompson v. Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing.").

Although petitioner had an opportunity to raise questions concerning his underlying tax liabilities at his CDP hearing, he failed to do so because he did not participate in that hearing or request that it be rescheduled.  He likewise failed to make any subsequent attempt to contact the IRS or provide the information it had requested.  Because petitioner failed to raise his underlying tax liabilities at his CDP hearing, he is precluded from disputing them now.  We will therefore review the IRS' determination only for abuse of discretion.  See Goza, 114 T.C. at 182.

C.     Analysis

The only question before us is whether the IRS properly sustained a levy to collect petitioner's liabilities.  We review the record to determine whether:  (1) the Appeals officer properly verified that the requirements of any applicable law or administrative procedure have been met; (2) any issues raised by the taxpayer have merit; and (3) "any proposed collection action balances the need for the efficient

collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

From our review of the record we conclude that the Appeals officer verified that the requirements of applicable law and administrative procedure were followed and that in sustaining the levy the Appeals officer properly balanced "the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See id. The only issue left for us to decide is whether petitioner has raised any issue that has merit. In his petition to this Court, petitioner asserted that he timely filed his 2007 and 2008 tax returns and had a refund due for 2008 that would be sufficient to cover his 2007 deficiency. Petitioner failed to raise either of these issues before the Appeals officer because he neglected to participate in his CDP hearing. In his petition, petitioner does not dispute that he missed his CDP hearing and failed to provide any information to the Appeals officer. Because we cannot consider claims that petitioner failed to advance at the CDP hearing, he has failed to present any claim that is reviewable by this Court. See Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002).

In any event, it is clear that the Appeals officer did not abuse his discretion. Once a taxpayer has been given a reasonable opportunity for a hearing but fails to avail himself of it, the Commissioner may proceed to make a determination based on the case file. See, e.g., Oropeza v. Commissioner, T.C. Memo. 2008-94, aff'd, 402 Fed. Appx. 221 (9th Cir. 2010); Taylor v. Commissioner, T.C. Memo. 2004-25, aff'd, 130 Fed. Appx. 934 (9th Cir. 2005); sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. The IRS scheduled a telephone CDP hearing with petitioner and, when he failed to call in, gave him a final opportunity to contest the levy by mailing him a "last chance" letter. Still, petitioner failed to contact the IRS to schedule an alternative conference date or provide any information or documentation. On the basis of the record before us, we find that petitioner was given a reasonable opportunity for a hearing but failed to avail himself of it. Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and in a separate order affirm the proposed collection action.

To reflect the foregoing,

An appropriate order and decision will be entered.