T.C. Memo. 2014-212

UNITED STATES TAX COURT

STEPHEN HUNT HOWELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6633-13L.                    Filed October 9, 2014.

Stephen Hunt Howell, pro se.

<u>Christopher R. Moran</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] Revenue Service (IRS or respondent) to uphold a notice of intent to levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his action in sustaining the levy was proper as a matter of law. We agree and accordingly will grant the motion.

Background

Petitioner did not respond to the motion for summary judgment. The following uncontroverted facts are derived from the petition, the exhibits attached to the summary judgment motion, and respondent's other filings in this case. See, e.g., Ulloa v. Commissioner, T.C. Memo. 2010-68. Petitioner resided in West Virginia when he petitioned this Court.

Petitioner did not file a Federal income tax return for 2009. The IRS prepared a substitute for return that met the requirements of section 6020(b) and, on October 24, 2011, mailed petitioner a notice of deficiency for 2009. The notice of deficiency was addressed to petitioner at a Martinsburg, West Virginia, address. This was his last known address and is also his current address as shown in this Court's records. Respondent attached to his summary judgment motion a copy of U.S. Postal Service (USPS) Form 3877 showing that an article with a tracking number matching that on the notice of deficiency was mailed to petitioner at this

[*3] address.  Petitioner does not dispute that he received the notice of deficiency, and he did not contest the deficiency by filing a petition with this Court.

On March 26, 2012, the IRS assessed the tax and certain penalties for 2009. On October 1, 2012, having received no payment from petitioner, the IRS sent him a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to his 2009 tax liability.  Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing.  He stated in this request:  "I don't disagree with the amount of taxes.  I just disagree with the interest and fees when my medical condition adversely affects filing."

On December 17, 2012, a settlement officer (SO) from the IRS Appeals Office mailed petitioner a letter acknowledging receipt of his Form 12153 and scheduling a telephone CDP hearing for January 15, 2013.  The SO informed petitioner that, in order for her to consider a collection alternative, he needed to provide a copy of a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, together with supporting financial information and signed income tax returns for 2006-2011.

Petitioner provided no documentation and proposed no collection alternative before the scheduled CDP hearing.  He failed to participate in that hearing and did not request that it be rescheduled.  On January 15, 2013, the SO mailed peti-

**[\*4]** tioner a "last chance" letter stating that, if she did not hear from him within 14 days, she would make her decision on the basis of the administrative file. Petitioner submitted no information and did not contact the SO regarding his case.

At this point the SO reviewed the administrative file and confirmed that the tax for 2009 had been properly assessed; that all other requirements of applicable administrative procedure had been met; and that petitioner did not qualify for any collection alternative because he had failed to submit the required financial information. She accordingly closed the case and, on February 15, 2013, sent petitioner a notice of determination sustaining the levy.

Petitioner timely sought review in this Court. On April 28, 2014, respondent moved for summary judgment, and the Court ordered petitioner to file a response to this motion by May 30, 2014. The order advised petitioner that "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a motion for summary judgment." Petitioner has not responded either to respondent's motion or to the Court's order.

## Discussion

A.    Summary Judgment and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. Fla. Peach Corp. v. Commissioner, 90

**[\*5]** T.C. 678, 681 (1988).  The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial.  Rule 121(d).

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents.  Where the validity of the underlying tax liability is at issue, the Court reviews the IRS' determination de novo.  <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not properly at issue, the Court reviews the IRS determination for abuse of discretion.  <u>Id.</u> at 182.  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006).

**[\*6]** Section 6330(c)(2)(B) permits a taxpayer to challenge the existence or amount of his underlying liability in a CDP proceeding only if he did not receive a notice of deficiency or otherwise have a prior opportunity to contest that liability. A notice of deficiency for 2009 was mailed to petitioner's last known address, but he failed to petition this Court. Moreover, he failed properly to raise the issue in his CDP hearing and would thus be precluded from challenging his underlying liability in any event. See Thompson v. Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.[2]

We accordingly review the SO's actions with respect to 2009 only for abuse of discretion. Because petitioner failed to respond to the motion for summary

---

[2]Generally, a taxpayer must actually receive the notice of deficiency for the preclusion under section 6330(c)(2)(B) to apply. See Tatum v. Commissioner, T.C. Memo. 2003-115. But see Onyango v. Commissioner, 142 T.C. __, __ (slip op. at 11-12) (June 24, 2014) (holding that preclusion applies despite lack of receipt where taxpayer declines to retrieve mail despite multiple reasonable opportunities to do so); Sego v. Commissioner, 114 T.C. 604, 610 (2000) (same). The IRS sent a notice of deficiency for 2009 to petitioner's last known address, which is verified on the USPS Form 3877, and petitioner does not dispute receiving it. Because we conclude that petitioner is precluded from challenging his underlying tax liability for 2009 because he presented no evidence at the CDP hearing, we need not decide whether he actually received the notice of deficiency and would also be precluded from challenging his 2009 tax liability for that reason.

**[\*7]** judgment, the Court could enter a decision against him for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

B.    Analysis

In deciding whether the SO abused her discretion in sustaining the levy, we consider whether she: (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

From our review of the record we conclude that the SO verified that the requirements of applicable law and administrative procedure were followed. Petitioner proposed no collection alternative, and the SO in sustaining the levy properly balanced "the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See id. The only issue left for us to decide is whether petitioner, at his CDP hearing, raised any issue that has merit.

**[\*8]**   In his request for a CDP hearing, petitioner stated:  "I don't disagree with the amount of taxes."  However, he appeared to contest the imposition of interest and penalties, stating that medical problems prevented him from timely filing his 2009 Federal income tax return.  This is a challenge to his underlying tax liability for 2009.  See Montgomery v. Commissioner, 122 T.C. 1, 8 (2004) ("[The] underlying tax liability consists of the amount that petitioners reported due on their tax return along with statutory interest and penalties.").  As explained previously, petitioner cannot now challenge his underlying 2009 tax liability because he did not participate in the CDP hearing and submitted no evidence that would have enabled the SO to consider waiving the penalty for failure to file on time.  Petitioner has therefore failed to present any claim that we can review.  See Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002).[3]

Once a taxpayer has been given a reasonable opportunity for a hearing but fails to avail himself of it, the Commissioner may proceed to make a determination based on the case file.  See, e.g., Oropeza v. Commissioner, T.C. Memo. 2008-94,

---

[3]In his petition to this Court petitioner asserts:  "Tax stated by IRS based on spouse working in 2009.  Spouse did not work in 2009."  The meaning of these words is not entirely clear.  To the extent that petitioner thereby seeks to challenge his underlying tax liability for 2009, we cannot consider that challenge for the reasons discussed in the text.

**[\*9]** aff'd, 402 Fed. Appx. 221 (9th Cir. 2010); Taylor v. Commissioner, T.C. Memo. 2004-25, aff'd, 130 Fed. Appx. 934 (9th Cir. 2005); sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.  The IRS scheduled a telephone CDP hearing for petitioner and, when he failed to call in, gave him a final opportunity to contest the levy by mailing him a "last chance" letter.  On the record before us, we find that petitioner was given a reasonable opportunity for a hearing but failed to avail himself of it.  Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and affirm the proposed collection action.

To reflect the foregoing,

An appropriate order and decision will be entered.