T.C. Memo. 2017-87

UNITED STATES TAX COURT

JEFFREY A. SPINNER AND ALYSE S. SPINNER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18506-15L.                          Filed May 24, 2017.

Jeffrey A. Spinner and Alyse S. Spinner, pro sese.

<u>Luanne S. DiMauro</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  In this collection due process (CDP) case, petitioners

seek review pursuant to sections 6320(c) and 6330(d)(1) of a determination by

respondent to sustain the filing of a notice of Federal tax lien (NFTL).[1]

---

[1]  All section references are to the Internal Revenue Code in effect at all

(continued...)

**[\*2]** Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain this collection action was proper as a matter of law. We agree and will grant the motion.

## Background

The following facts are derived from the parties' filings in this case. Petitioners resided in New York at the time they filed their petition. The lien at issue relates to petitioners' Federal income tax liability for 2012.

Petitioners timely filed a return for 2012. Respondent conducted an examination of that return and issued a notice of deficiency based on that examination. Petitioners subsequently filed a petition with this Court seeking redetermination. The petition, however, was untimely, and we therefore dismissed the case for lack of jurisdiction. Respondent assessed the additional tax and interest due, as well as a section 6662 accuracy-related penalty.

In an effort to collect this outstanding liability respondent filed an NFTL and sent petitioners a Letter 3172, Notice of Federal Tax Lien Filing and Your

[1](...continued)
relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** Right to a Hearing under IRC 6320. Petitioners timely requested a CDP hearing seeking an installment agreement and withdrawal of the NFTL.

On May 5, 2015, the settlement officer assigned to the case wrote a letter to petitioners scheduling a telephone conference for May 26, 2015. Petitioners failed to call the settlement officer at the scheduled time. Consequently, the settlement officer issued a "last chance" letter giving petitioners an additional 14 days to submit any information they wished to be considered.

Several days later, the settlement officer received a voicemail message from Mr. Spinner stating he had only just received the first letter scheduling the May 26 telephone conference and that he would like another opportunity for a conference. Consequently, the settlement officer issued a letter scheduling a second telephone conference for June 23, 2015. The settlement officer also tried several times to return Mr. Spinner's telephone call, but he was unable to reach him. Petitioners failed to call in for the second telephone conference.

The settlement officer reviewed the administrative file (including a collection information statement petitioners submitted in a prior CDP hearing) and determined that petitioners could satisfy the liability in full "via equity in assets and/or an installment agreement". The settlement officer subsequently closed the case and sent petitioners a notice of determination sustaining the NFTL filing.

**[*4]** Petitioners timely sought review in this Court. Petitioners' sole assignment of error set forth in their petition is that they "were not provided with timely notice of the scheduled hearing". Respondent moved for summary judgment.

Petitioners did not appear at calendar call. However, the case was recalled later in the week, and Mr. Spinner made an appearance. He alleged that he had not received a copy of respondent's motion or any notices that the case had been set for trial. Although we were skeptical of Mr. Spinner's assertions, we allowed petitioners an additional 30 days to file a written response to the motion. Petitioners failed to file a response.

## Discussion

I.  Summary Judgment and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific

**[*5]** facts showing that there is a genuine dispute for trial.  Rule 121(d).

Consequently, we cannot simply adopt as true facts that are alleged in a petition.

Neth v. Commissioner, T.C. Memo. 2010-95, slip op. at 3.  Rather, opponents to a

motion for summary judgment must submit affidavits or other documents

demonstrating a genuine issue for trial.  Id.

Section 6330(d)(1) does not prescribe the standard of review that this Court

should apply in reviewing an administrative determination in a CDP case.  The

general parameters for such review are marked out by our precedents.  Where the

validity of the underlying tax liability is at issue, the Court reviews the

Commissioner's determination de novo.  Goza v. Commissioner, 114 T.C. 176,

181-182 (2000).  Where the underlying tax liability is not properly at issue, the

Court reviews the Commissioner's determination for abuse of discretion.  Id. at

182.  Abuse of discretion exists when a determination is arbitrary, capricious, or

without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301,

320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Section 6330(c)(2)(B) permits a taxpayer to challenge the existence or

amount of his underlying liability in a CDP proceeding only if he did not receive a

notice of deficiency or otherwise have a prior opportunity to contest that liability.

Petitioners received a notice of deficiency for 2012 and are therefore precluded

**[\*6]** from challenging their underlying liability in this proceeding. Accordingly, we review the settlement officer's actions for abuse of discretion.

Because petitioners failed to respond to the motion for summary judgment, the Court could enter a decision against them for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

II.    Analysis

In deciding whether the settlement officer abused his discretion in sustaining the NFTL filing, we consider whether he:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioners raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioners] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

After reviewing the administrative record, we conclude that the settlement officer verified that the requirements of applicable law and administrative procedure were met. We also conclude that the settlement officer appropriately

**[*7]** balanced the need for efficient collection with petitioners' interests.  The only issue for us to decide is whether petitioners raised any issue that has merit.

Petitioners' only assignment of error in their petition is that the settlement officer did not give them "timely notice of the scheduled hearing".  We find this argument unpersuasive.  The administrative record shows that the settlement officer made numerous attempts to contact petitioners and apprise them of the scheduled conference.  The settlement officer attempted to contact Mr. Spinner by telephone, but those calls went unanswered.  Furthermore, the settlement officer mailed several letters to petitioners notifying them of the scheduled conference.  While Mr. Spinner argued at the hearing that he did not timely receive the letter scheduling the first conference, he did not deny receipt of the subsequent letter scheduling the second conference.

Once a taxpayer has been given a reasonable opportunity for a hearing but fails to avail himself of it, the Commissioner may proceed to make a determination based on the case file.  See, e.g., Oropeza v. Commissioner, T.C. Memo. 2008-94, slip op. at 13-14, aff'd, 402 F. App'x 221 (9th Cir. 2010); Taylor v. Commissioner, T.C. Memo. 2004-25, slip op. at 6, aff'd, 130 F. App'x 934 (9th Cir. 2005).  On the record before us, we find that petitioners were given a reasonable opportunity for a hearing but failed to avail themselves of it.  Finding

**[\*8]** no abuse of discretion in any respect, we will grant summary judgment for respondent and affirm the collection action.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.