# United States Tax Court

T.C. Memo. 2025-117

GARY B. NELSON,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 19865-23L.                    Filed November 13, 2025.

_____

Gary B. Nelson, pro se.

*Zachary T. King* and *Christopher D. Bradley*, for respondent.

## MEMORANDUM OPINION

URDA, *Chief Judge*: In this collection due process (CDP) case petitioner, Gary B. Nelson, seeks review pursuant to section 6330[1] of a determination by the Internal Revenue Service (IRS) Independent Office of Appeals (Office of Appeals) upholding a notice of intent to levy (levy notice) with respect to his 2015–19 tax years. The Commissioner has moved for summary judgment, contending that there is no genuine dispute as to any material fact and that the determination to sustain the levy notice was proper as a matter of law. We agree and will grant summary judgment to the Commissioner.

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*2]                           *Background*

Mr. Nelson did not respond to the Commissioner's motion for summary judgment. The following uncontroverted facts come from the petition, the administrative record, and other filings in this case. *See Howell v. Commissioner*, T.C. Memo. 2014-212, at *2. Mr. Nelson lived in Alabama when he timely petitioned this Court.

## I.    *The Nelsons' Tax Liability*

Mr. Nelson and his wife filed joint tax returns for their 2015–19 tax years, with the reported tax liability for each of these years exceeding that year's withholdings and payments. The IRS accordingly assessed the tax reported on these returns, as well as various additions to tax, and statutory interest. As of August 30, 2021, the Nelsons' outstanding 2015–19 liabilities totaled $186,182.

## II.    *IRS Collection Activities*

As part of its efforts to collect the unpaid liabilities, the IRS issued the levy notice, which apprised Mr. Nelson and his wife of their right to request a CDP hearing pursuant to section 6330. Mr. Nelson thereafter submitted a timely request for a CDP hearing, checking the box for "Installment Agreement." With the request form, Mr. Nelson included a letter that (1) explained that he had recently lost his full-time job and (2) conveyed his interest in "mak[ing] monthly installments until such time that [he was] able to pay in full." Although Mr. Nelson included his wife's name on the request, she did not sign the form.

A few months later, the IRS called, and then wrote to, the Nelsons, explaining that both spouses were required to sign the CDP request form and that "[i]f only one taxpayer/spouse signs, the other taxpayer/spouse is not entitled to a hearing." The IRS's January 24, 2023, letter gave the Nelsons three weeks to supply Mrs. Nelson's signature. Mr. Nelson responded in a letter dated February 9, 2023, explaining that his wife had life-threatening medical issues requiring surgery and requesting an extension to provide her signature. The IRS subsequently forwarded to the Office of Appeals the CDP hearing request, limited to Mr. Nelson.[2]

_____

[2] "Simply put, section 6330 does not direct the Commissioner to treat a husband and wife who have filed a joint return as a single person for purposes of that

**[\*3]**  The CDP case was assigned to an Appeals officer, who issued a
letter on March 15, 2023, scheduling a hearing for May 18.  In her
scheduling letter, she explicitly stated: "If the [scheduled] time . . . isn't
convenient for you, . . . call or write me within 14 days from the date of
this letter."  The scheduling letter further requested certain information
from Mr. Nelson including a completed Form 433-A, Collection
Information Statement for Wage Earners and Self-Employed
Individuals, as well as signed tax returns for 2020, 2021, and 2022.
Shortly after the issuance of this scheduling letter (on March 20, 2023),
the IRS provided the Office of Appeals with Mr. Nelson's letter of
February 9, 2023.

Mr. Nelson neither responded to the scheduling letter nor called
into the CDP hearing on May 18, 2023.  After Mr. Nelson failed to
appear, the Appeals officer called and left him a voice message
requesting a return call.  Mr. Nelson again did not respond.  The Appeals
officer also issued a letter giving him 14 additional days to provide any
information that he wanted the Appeals officer to consider.  There was
only silence from Mr. Nelson.

Nearly six months passed before the Office of Appeals issued a
notice of determination upholding the proposed levy on November 14,
2023.  The notice observed that Mr. Nelson "ha[d] not challenged the
existence or the amount of the liability for the tax period[s] at issue" and
that the "balances are the result of . . . self-filed tax returns with
insufficient tax withholdings."  The notice further explained that the
installment agreement in which Mr. Nelson expressed an interest could
not be considered because he was "not available for the hearing and . . .
did not submit a completed Form 433-A . . . with supporting financial
documentation."

III.  *Tax Court Proceedings*

Mr. Nelson subsequently petitioned this Court, in which he
described his wife's medical condition and treatments and renewed his
request for consideration of an installment agreement (specifying, for
the first time, an amount of $1,500 per month).  The Commissioner then
filed a motion for summary judgment, to which we ordered a response
by Mr. Nelson.  Mr. Nelson did not respond as ordered, but we

provision." *Moorhous v. Commissioner*, 116 T.C. 263, 271 (2001); *see also Voorhees v.
Commissioner*, T.C. Memo. 2002-289, 2002 WL 31662271, at \*2; Treas. Reg.
§ 301.6330-1(c)(2), Q&A-C1(ii)(F).

**[*4]** nonetheless set this motion for hearing at our Birmingham, Alabama, trial session.

Mr. Nelson thereafter sent a letter to the Commissioner requesting a continuance of the case in light of his wife's treatments. We granted this request and gave Mr. Nelson another month to file a response to the Commissioner's motion for summary judgment, as well as to provide a status update to the Court. To date, Mr. Nelson has neither filed a response to the motion for summary judgment nor provided a status update.

*Discussion*

I.     *General Principles*

   A.     *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 121(a); *see also Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *See, e.g.*, *Sundstrand*, 98 T.C. at 520. The nonmoving party, however, may not rest upon the mere allegations or denials in his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Because Mr. Nelson did not respond to the motion for summary judgment, we could enter decision against him for that reason alone. *See* Rule 121(d). We will nevertheless consider the motion on its merits.

   B.     *Standard of Review*

We have jurisdiction to review the Office of Appeals' determination pursuant to section 6330(d)(1). *See Murphy v. Commissioner*, 125 T.C. 301, 308 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). Where, as here, the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114

5

**[\*5]** T.C. 176, 181–82 (2000).[3] In reviewing for abuse of discretion, we must uphold the Office of Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See Murphy*, 125 T.C. at 320.

## II. *Abuse of Discretion*

In determining whether the Office of Appeals abused its discretion, we consider whether the Appeals officer (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues Mr. Nelson raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [Mr. Nelson] that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3). Our review of the record establishes that the Appeals officer satisfied these requirements.

### A. *Verification*

We have authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011). Mr. Nelson has not challenged the satisfaction of the verification requirement, and we conclude from the record that the Appeals officer conducted a thorough review of Mr. Nelson's account transcripts and verified that all applicable requirements were met. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."), Rule 121(d).

### B. *Issue Raised*

In both his CDP hearing request and in various filings in this Court Mr. Nelson has requested consideration of an installment agreement. In reviewing a determination under section 6330(c)(2), we consider only issues the taxpayer adequately raised during the hearing. *See LG Kendrick, LLC v. Commissioner*, 146 T.C. 17, 34 (2016), *aff'd,*

---

[3] To preserve an underlying tax liability challenge, a taxpayer must properly raise that challenge during the CDP hearing. *See Thompson v. Commissioner*, 140 T.C. 173, 178 (2013); *Giamelli v. Commissioner*, 129 T.C. 107, 113–14 (2007). "An issue is not properly raised if the taxpayer fails . . . to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to [do so]." Treas. Reg. § 301.6330-1(f)(2), Q&A-F3; *see Giamelli*, 129 T.C. at 112–16. Mr. Nelson did not suggest that he was challenging his underlying liability, nor did he present any evidence on this point.

[*6] 684 F. App'x 744 (10th Cir. 2017). A taxpayer does not properly raise the issue during the hearing if he "fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence." Treas. Reg. § 301.6330-1(f)(2), Q&A-F3; *see also LG Kendrick, LLC*, 146 T.C. at 34. Given that Mr. Nelson did not participate in the CDP hearing and did not present any evidence regarding his request for an installment agreement, we cannot say that he properly raised this issue.

Even if we were to deem the installment agreement properly raised, Mr. Nelson would fare no better. Section 6159(a) authorizes the IRS to enter into a written agreement allowing a taxpayer to pay a tax liability in installments if it concludes that the agreement "will facilitate full or partial collection of such liability." The decision to accept or reject an installment agreement lies within the Commissioner's discretion. *See Powell v. Commissioner*, T.C. Memo. 2023-48, at *5 (citing *Thompson*, 140 T.C. at 179). As we have explained, "it is not an abuse of discretion for an [Appeals officer] to decline to consider an [installment agreement] where the taxpayer does not place a specific proposal on the table." *Gebman v. Commissioner*, T.C. Memo. 2025-36, at *5. Likewise, an Appeals officer does not abuse her discretion in rejecting an installment agreement when a taxpayer fails to provide financial documentation, such as Form 433-A. *See, e.g.*, *Mongogna v. Commissioner*, T.C. Memo. 2025-89, at *11.

The record shows that Mr. Nelson was informed of the necessary forms and financial data and given a reasonable opportunity to submit them. The Appeals officer requested this information on March 15, 2023, two months before the scheduled date for the CDP hearing. When Mr. Nelson did not show up to the hearing, the Appeals officer left him a voicemail message and then sent another letter requesting the information. The Office of Appeals waited nearly six more months before issuing the notice of determination. "We have consistently held that it is not abuse of discretion for an [Appeals officer] to close a case after receiving no response from the taxpayers." *Gebman*, T.C. Memo. 2025-36, at *6; *see also Scholz v. Commissioner*, T.C. Memo. 2015-2, at *8 ("When an [Appeals officer] gives a taxpayer an adequate period of time in which to respond, it is not an abuse of discretion for the [Appeals officer] to move ahead after encountering radio silence from the taxpayer."); *Gazi v. Commissioner*, T.C. Memo. 2007-342, 2007 WL 4119009, at *9.

**[\*7]** We are not blind to the fact that during this period Mr. Nelson was caring for his wife as she went through significant treatments to combat a life-threatening illness. The record before the Appeals officer included Mr. Nelson's February 9, 2023, letter requesting an extension of time to obtain his wife's signature on the CDP request form. We do not believe, however, that this letter sufficed to put the Appeals officer (who was not the intended recipient) on notice that Mr. Nelson was unable to participate in a CDP hearing more than three months later. Although we are sympathetic to Mr. Nelson, we cannot fault the Appeals officer for not anticipating a difficult situation that Mr. Nelson did not communicate during the eight months between the Appeals officer's initial letter in March and the notice of determination in November.[4]

### C. *Balancing Analysis*

Mr. Nelson did not allege in his petition or argue at any later point that the Appeals officer failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3)(C). He thus has conceded this issue. *See* Rules 331(b)(4), 121(d). In any event, the Appeals officer expressly concluded in the notice of determination that the proposed levy appropriately balanced these competing concerns. We find in the record no basis for disturbing the Appeals officer's conclusion regarding this requirement.

### III. *Conclusion*

Finding no abuse of discretion in the Appeals officer's decisions, we will grant summary judgment for the Commissioner and affirm the Appeals officer's determination to sustain the levy action.

To reflect the foregoing,

*An appropriate order and decision will be entered.*

---

[4] We note that Mr. Nelson is free to submit to the IRS, for its consideration and possible acceptance, a collection alternative in the form of an offer-in-compromise or an installment agreement, supported by the necessary financial information, before a levy occurs. *See Tucker v. Commissioner*, 135 T.C. 114, 142 (2010), *aff'd*, 676 F.3d 1129 (D.C. Cir. 2012); *see also Mack v. Commissioner*, T.C. Memo. 2018-54, at \*13; Internal Revenue Manual 5.14.13 (Aug. 20, 2025), 8.23.4 (Apr. 7, 2022).