RAUL B. FERNANDEZ and VERA J. FERNANDEZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fernandez v. Comm'r
Docket No. 3816-79. United States Tax Court
T.C. Memo 1979-476; 1979 Tax Ct. Memo LEXIS 50; 39 T.C.M. (CCH) 569; T.C.M. (RIA) 79476; November 29, 1979, Filed Frank E. Clohan, for the petitioners. George Mac Vogelei, for the respondent. SCOTT *50 MEMORANDUM OPINION SCOTT, Judge: On March 23, 1979, petitioners filed a petition "for a redetermination of the deficiencies set forth by the Commissioner of Internal Revenue in his notice of deficiency (Correspondence Symbol 411-F-90D E:R:MJC, dated December 27, 1978." The petition states that "for the taxable year in question" petitioners were husband and wife who are now divorced; that Raul B. Fernandez' address is Palo Alto, California, and Vera J. Fernandez' address is Los Altos, California; and that the "return for the period here involved was filed with the Internal Revenue Service Center at Fresno, California." Petitioners then allege that the Commissioner "determined *51 a deficiency in income taxes for the calendar year 1972 in the amount of $4,864.00, all of which is in controversy." The errors assigned are (1) that the Commissioner erred in determining that petitioners deducted the sum of $12,473 on their 1972 income tax return in connection with the "Wolverine 1973 Drilling Venture" and in determining that the partnership loss was nondeductible, and (2) that the Commissioner erred in determining a deficiency in income tax for petitioners for 1972 since an assessment of a deficiency for 1972 is barred by the statute of limitations. The facts upon which petitioners rely were stated as follows: a. Petitioners filed their income tax return for calendar year 1972 on the cash basis, within the time for filing requirements imposed by law. b. Petitioners made no partnership investment in the Wolverine 1973 Drilling Venture in 1972 and did not claim any deduction on their 1972 tax return in connection with said partnership. Respondent, on May 29, 1979, filed an answer in which he denied that Raul B. Fernandez is a petitioner in the case, but admitted the allegations with respect to petitioner Vera J. Fernandez as to her address, her marriage *52 and divorce from Raul B. Fernandez and that the return "for the period here involved" was filed with the Internal Revenue Service Center at Fresno, California. Respondent admitted that a notice of deficiency was mailed to Mrs. Fernandez on December 27, 1978, and was issued by the Office of the Internal Revenue Service in San Francisco, California. Respondent denied that a deficiency was determined for the year 1972 and alleged "that the deficiency determined by the respondent is in income tax for the taxable year 1973 in the amount of $4,864.00, all of which is in controversy." In his answer, respondent denied that he determined that a partnership loss of $12,473 was deducted by petitioners in 1972 and alleged "that a typographical error was made on the notice of deficiency mailed to Mrs. Vera Jean Fernandez and that the determination was for the taxable year 1973." Respondent denied that he erred in determining that the partnership loss was not deductible. Respondent in his answer admitted that an assessment of a deficiency for 1972 against petitioners is barred by the statute of limitations. He also admitted the allegation that petitioners made no partnership investment in the *53 Wolverine 1973 Drilling Venture in 1972 and that they claimed no deduction on their 1972 tax return in connection with that partnership. On May 29, 1979, respondent filed a motion to dismiss this case for lack of jurisdiction insofar as it purports to be an appeal on behalf of Raul B. Fernandez, and that the caption of the case be changed by striking Mr. Fernandez' name therefrom. Petitioner, on July 2, 1979, filed a motion for summary judgment in this case alleging that the statutory notice of deficiency dated December 27, 1978, upon which the case is based states on its face that it is a notice of deficiency for the year ended December 31, 1972. The motion for summary judgment further states, based on an affidavit by Mrs. Fernandez attached thereto, that the determination of a deficiency for the year 1972 was barred by the statute of limitations on December 27, 1978, when the statutory notice was issued. The issue for decision here with respect to petitioners' motion for summary judgment is whether in fact the notice issued by respondent on December 27, 1978, was a notice for the taxable year 1972 or for the taxable year 1973. The issue for decision with respect to respondent's *54 motion to dismiss for lack of jurisdiction is whether any notice was issued by respondent on December 27, 1978, to petitioner Raul B. Fernandez. At the hearing the parties stipulated a copy of the notice of deficiency, together with the statutory notice statement attached thereto, and a document showing that on December 27, 1978, a statutory notice was mailed only to Mrs. Vera Jean Fernandez at her address at Los Altos, California. The statutory notice, on its face, shows that the tax determined is with respect to "Mr. Raul B. Fernandez and Mrs. Vera Jean Fernandez." However, the notice is addressed merely "Dear Mrs. Fernandez" and was sent only to her at her address. The notice of deficiency, on the first page, states that the deficiency is for the taxable year ended "December 31, 1972." On the first page of the statutory notice statement also appears, under taxable year ended, "December 31, 1972," and on the following schedule at the top appears "12/31/72." However, under "Adjustments to income" appears "Wolverine 1973 Drilling Venture (Schedules Attached)--$12,473.00, Total adjustments--$12,473,00," and "Taxable income * * * Return as filed--$23,778.00." There also appears under *55 "Less credits," "Investment Credit--(103.00)," and in the computation for "Self-employment tax"-- $864. The other figures thereon are additions of items and tax computations. The following explanation of adjustments is attached to the statutory notice statement: Your distributive share of partnership loss from the Wolverine 1973 Drilling Venture is reduced in the amount of $12,473.00 because it is determined that the Wolverine 1973 Drilling Venture sustained a loss of $2,922.00, rather than the claimed loss of $1,610,275.00. The partner's distributive shares are therefore reduced and your taxable income increased. The adjustments to the Wolverine 1973 Drilling Venture and the partner's distributives shares are as follows: I. The portion of the partnership loss of the Wolverine 1973 Drilling Venure (hereinafter referred to as Wolverine) attributable to the non-recourse loans for the turnkey drilling contracts between Wolverine and Patrick Petroleum Company for its subsidiaries are disallowed. That alleged expense is disallowed because it lacks economic substance and therefore the partnership and its parnter's basis does not exceed the case contributed by the partners. The *56 total amount of loss claimed by Wolverine attributable to the non-recourse loans during 1973 was $723,961.00; all of that amount is disallowed. This disallowance reduces your share of the partner's distributive share of partnership loss in the amount of $5,618.00. ALTERNATIVELY IT IS DETERMINED
The total amount of prepaid drilling expenses claimed as "Intangible Development Costs" by Wolverine in the amount of $1,460,275.00 is disallowed. This disallowance reduces your share of partners distributive share of partnership loss in the amount of $11,331.00. These alleged expenses were not paid or obligated to be paid in bonafide transactions. The drilling expenses where prepayment was made to Patrick Petroleum Company or its subsidiaries were not required to be prepaid or the expenses and drilling locations were not ascertained during 1973. ALTERNATIVELY IT IS DETERMINED
That the intangible drilling and development costs are limited to Wolverine to its proportionate share of its interest that amount is determined to be $680,298.25. The remainder of the claimed expenses for "Intangible Development Costs" of $779,976.75 is disallowed. That remainder is capitalized. *57 This disallowance reduces your share of the partners distributive share of Wolverine loss in the amount of $6,053.00. II. The total amount of expense claimed by Wolverine for "Payments to Partners" of $135,000.00 is disallowed under the provisions of Internal Revenue Code of 1954 section 162 and capitalized as an organizational expense. This disallowance reduces your share of the partner's distributive share of the Wolverine loss in the amount of $1,048.00. III. The amount claimed by Wolverine as "Legal and Professional" expense of $15,000.00 is disallowed in the amount of $12,078.00 the later amount is determined to constitute a capital expenditure as organizational expense and is disallowed under Internal Revenue Code of 1954 sections 162 and 263. This disallowance reduces your share of the partner's distributive share of the Wolverine loss in the amount of $94.00. At the hearing, respondent's counsel stated that petitioners had knowledge that the audit with respect to the 1973 Wolverine Drilling Venture was performed in connection with their 1973 tax return. Petitioners' counsel did not deny this statement but explained *58 that the deficiency arose out of a national oil partnership audit, that Mr. Fernandez, a C.P.A., executed a consent to the extension of the statute of limitations with respect to the year 1973, but Mrs. Fernandez, who was divorced from Mr. Fernandez, refused to execute such a consent. Although not specifically so stated in the record, the import from the record is that all the figures used on the statutory notice statement were figures from the 1973 joint Federal income tax return of Mr. and Mrs. Fernandez. Petitioners, in support of their motion for summary judgment, argue that this Court has no jurisdiction over a period other than one specifically covered by the deficiency notice and that there is no jurisdiction where the notice does not cover a proper period, citing Columbia River Orchards, Inc. v. Commissioner, 15 T.C. 253 (1950), and Gooding v. Commissioner, 310 F.2d 501-502 (4th Cir. 1962), affg. a Memorandum Opinion of this Court. Petitioners recognize that a typographical error in a notice of deficiency as to the year or period involved does not cause the notice to be invalid where the notice gives the taxpayer sufficient information *59 to enable him to know the period for which the notice is sent. Saint Paul Bottling Co. v. Commissioner, 34 T.C. 1137 (1960); Commissioner v. Forest Glen Creamery Co., 98 F.2d 968 (7th Cir. 1938); Wilkens & Lange v. Commissioner, 9 B.T.A. 1127 (1928). Petitioners take the position, however, that in each of those cases the taxpayer, by filing a petition with the Tax Court disclosing the proper year or period to which the computation attached to the deficiency notice related, had in effect waived the typographical error in the deficiency notice. Petitioners argue that they have not waived the error as to the year shown in the deficiency notice. While Saint Paul Bottling Co. v. Commissioner, supra, does refer to waiver by the taxpayer in filing a petition with respect to the period to which the notice of deficiency was intended to relate, the basis for the decision is not waiver by the taxpayer. The basis for the decision in that case and in Commissioner v. Forest Glen Creamery Co., supra, is that upon consideration of the entire notice of deficiency, including the attached statement, the taxpayer *60 could not reasonably be deceived by the typographical error with respect to the period for which the deficiency was determined. In Commissioner v. Forest Glen Creamery Co., supra, the Court stated (98 F.2d at 971): The Commissioner is required to send to the taxpayer, by registered mail, a notice of his determination. The statute does not prescribe either the form or substance of the notice, but we assume that to be a notice, within the intention of the Revenue Act, the communication must inform the taxpayer that a deficiency tax has been determined and either must state the taxable period in respect to which it has been assessed or at least give enough information that the taxpayer reasonably could not be deceived as to the taxable period. * * * In our view, although the petition here was carefully drawn so as not to state in referring to the mailing of the notice of deficiency that the notice was for the year 1973, the facts clearly show that petitioners reasonably could not have been deceived as to the year covered by the notice of deficiency. All the information in the notice refers to income and deductions on petitioners' 1973 return. The *61 disallowed deduction is with respect to the "Wolverine 1973 Drilling Venture." It is reasonably clear that in fact petitioners did know that the year for which the deficiency was determined was 1973. If in fact petitioners were misled by the notice as to the year for which the deficiency was determined, Mrs. Fernandez could have so stated in her affidavit attached to petitioners' motion for summary judgment. No such statement is contained in Mrs. Fernandez' affidavit. The two cases cited by petitioners in support of their contention are totally distinguishable from the instant case. Columbia River Orchards, Inc. v. Commissioner, supra, involved an issue with respect to the period covered in the final taxable year of a dissolved corporation. Gooding v. Commissioner, supra, involved the jurisdiction of this Court to consider a claim for overpayment for the year 1951 in a petition filed from the determination of a deficiency against the taxpayers with respect to the year 1958. On the basis of the record here before us, we hold that the use of the year "1972" instead of "1973" in the notice of deficiency was a typographical error and that petitioners, *62 from the notice of deficiency as a whole, reasonably should not have been deceived by this typographical error. Therefore, petitioners' motion for summary judgment will be denied. It is clear from the evidence produced at the hearing that the notice of deficiency which formed the basis of this proceeding was sent only to Mrs. Vera Jean Fernandez and that no notice has been sent to Mr. Raul B. Fernandez. At the hearing, counsel for petitioners made no argument against the granting of respondent's motion to dismiss with respect to Mr. Fernandez for lack of jurisdiction if petitioners' motion for summary judgment was denied. Under the provisions of section 6213, I.R.C. 1954, [1] we are without jurisdiction over a taxpayer to whom a notice of deficiency has not been mailed. Therefore, respondent's motion to dismiss as to Raul B. Fernandez and to change the caption of this case will be granted. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩