THOMAS J. ANDERTEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderten
Docket No. 3001-92
United States Tax Court
T.C. Memo 1993-2; 1993 Tax Ct. Memo LEXIS 3; 65 T.C.M. (CCH) 1697; January 4, 1993, Filed *3 An order denying petitioner's motion will be issued. For Petitioner: Larry V. Bishins. For Respondent: Alison W. Lehr. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181 and 183. [1] This matter is before the Court on petitioner's motion to dismiss or, in the alternative, to shift the burden of proof. The issue for decision is whether the notice of deficiency is invalid or otherwise defective. In a notice of deficiency issued December 10, 1991, respondent determined that petitioner is liable for a deficiency and additions to tax for the taxable year 1986 as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec. 6661
$ 54,462
$ 5,161
$ 2,723
50% of the
$ 13,616
interest due on
the deficiency
*4 The face page of the notice of deficiency refers to the 1986 year, as does a "SCHEDULE OF DEFICIENCIES AND ADDITIONS TO TAX" attached to the notice. Also attached as part of the notice is a "Statement-Income Tax Changes" which refers to the 1986 tax year. An "Explanation of Items" (Form 886-A) also attached to the notice reflects the tax year ended as 1986 at the top of the document. The document provides in part as follows: In absence of adequate records your taxable income for 1987 is figured by reference to bank deposits and cash payments, plus personal expenditures and other nondeductible expenditures. Therefore, your reported taxable income has been increased by $ 155,460.00 for 1987.
There are also two additional references to the tax year 1987 in the explanation of adjustments. A timely petition was filed with the Court. At the time of filing the petition herein petitioner resided in Fort Lauderdale, Florida. In the petition, petitioner argues, among other things, that the notice of deficiency erred in determining a deficiency for 1986 by utilizing "1987 figures". In her answer, respondent denied that she utilized "1987 figures" in determining a deficiency *5 for 1986. The parties are now in agreement that petitioner's 1986 Federal income tax return was examined, that the notice of deficiency relates to adjustments from said return, and that the references to 1987 in the notice of deficiency were erroneous. Petitioner, citing , revg. , argues that the notice of deficiency is invalid "on its face". Petitioner argues in the alternative, citing , affg. in part, revg. in part and remanding , that if we find that the notice of deficiency is valid, the burden of proving the validity of the determination should be on respondent. It is uncontroverted that the Tax Court is a court of limited jurisdiction. Sec. 7442; . In general, Tax Court jurisdiction exists only where there has been issued a valid notice of deficiency and a timely petition has been filed therefrom. ; *6 ; secs. 6212 and 6213. No particular form is required for a "valid" notice of deficiency. However, the notice must meet "certain substantial requirements". , affg. . "The notice must at a minimum indicate that the IRS has determined * * * the amount of the deficiency." , affg. an unpublished order of this Court. [2]
An error in a notice of deficiency does not necessarily invalidate the notice. In , we held that a notice of deficiency was valid even where the Internal Revenue Service (IRS) erroneously attached computational sheets of a different taxpayer *7 to the notice sent to the Campbells. In , the notice of deficiency referred in some places to the wrong tax year. We held that the taxpayer was not reasonably misled and that the notice was valid. See also , affg. in part, revg. and remanding in part ; . Here, the face page of the notice of deficiency reflects the correct tax year. A number of schedules attached to the notice also reflect the 1986 tax year. Taking into consideration the entire document, we are satisfied that petitioner could not have been reasonably misled or confused as to the taxable year in issue. The erroneous references to 1987 are not sufficient to invalidate the notice of deficiency. Accordingly, petitioner's motion to dismiss will be denied. Petitioner's alternative request, that the burden of proof should be on respondent because of the erroneous references to 1987 in the notice of deficiency, must likewise fail. There *8 is no question that normally the determination made by respondent is presumed correct and that the taxpayer has the burden of proof. Rule 142(a); . There has been no evidence presented that the determination in the notice of deficiency is arbitrary or capricious or that the presumption of correctness should not otherwise apply. While petitioner appears to argue that there is a "naked assessment", he provides no factual support for this allegation. This case is clearly distinguishable from In Portillo, the IRS determined a deficiency based on a Form 1099 filed by a third party. The Court of Appeals held that the IRS must substantiate the charge of unreported income by some other means such as by some kind of reconstructed method of income. Here, respondent's explanation of items attached to the notice of deficiency states that taxable income is computed by reference to bank deposits and cash payments. Thus, even under the standard enunciated by the Court of Appeals in Portillo, the presumption of correctness would remain with respondent's *9 determination. Based on the foregoing, petitioner's motion to dismiss or, in the alternative, to shift the burden of proof will be denied. To reflect the foregoing, An order denying petitioner's motion will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year at issue. All Rule References are to the Tax Court Rules of Practice and Procedure.↩
2. See also .↩