146 T.C. No. 2

UNITED STATES TAX COURT

LG KENDRICK, LLC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10241-12L.                    Filed January 21, 2016.

P is a single-member LLC that operates a franchise business. The Internal Revenue Service (IRS) determined that P had employees and had unpaid Federal employment taxes, i.e., unpaid withholding and Federal Insurance Contributions Act tax liabilities with respect to its Forms 941, Employer's Quarterly Federal Tax Return, for the last three quarters of 2009 and all four quarters of 2010 and unpaid Federal Unemployment Tax Act tax liabilities with respect to its Forms 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for the 2009 and 2010 taxable years (collectively, periods at issue).

After processing substitutes for returns and assessing the employment taxes for the periods at issue, the IRS mailed to P a notice of the filing of a notice of Federal tax lien (NFTL) and a levy notice with respect to the periods at issue. P timely requested and received a sec. 6320/6330 hearing with the IRS Appeals Office. The Appeals Office subsequently issued two notices of determination sustaining the NFTL filing and the proposed levy for the periods at

issue except the NFTL filing for P's December 31, 2010, Form 941 liability, which the notices did not address. P filed a petition disputing the Appeals Office's determinations. We remanded this case on R's motion, and the Appeals Office issued a supplemental notice of determination. The supplemental notice sustained the NFTL filing and the proposed levy for the periods at issue including the NFTL filing for P's December 31, 2010, Form 941 liability.

Held: The original notices of determination did not embody a determination to sustain, and therefore were invalid with respect to, the NFTL filing for P's December 31, 2010, Form 941 liability.

Held, further, a supplemental notice of determination that sustains a collection action for a taxable period cannot form the basis for the Court's jurisdiction when the original notice of determination was invalid with respect to the collection action for that taxable period.

Held, further, the Court does not have jurisdiction to review the NFTL filing for P's December 31, 2010, Form 941 liability.

Held, further, P is not entitled to challenge the underlying liabilities for the periods at issue over which the Court has jurisdiction.

Held, further, the Appeals Office's determinations are sustained for the periods at issue over which the Court has jurisdiction.

Michael E. Lunnon (member), for petitioner.

Luke D. Ortner, for respondent.

OPINION

MARVEL, Judge:  Pursuant to section 6330(d)[1] petitioner seeks review of determinations by respondent (hereinafter IRS or respondent) to sustain collection actions by levy and the filing of a notice of Federal tax lien (NFTL) relating to petitioner's unpaid Federal employment taxes, i.e., unpaid withholding and Federal Insurance Contributions Act (FICA) tax liabilities with respect to its Forms 941, Employer's Quarterly Federal Tax Return, for the last three quarters of 2009 and all four quarters of 2010[2] and unpaid Federal Unemployment Tax Act (FUTA) tax liabilities with respect to its Forms 940, Employer's Annual Federal

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]See infra pp. 17-24 regarding the NFTL filing for petitioner's December 31, 2010, Form 941 liability.  We hold infra that the IRS did not make a written determination with respect to this liability.

Unemployment (FUTA) Tax Return, for the 2009 and 2010 taxable years[3] (collectively, periods at issue).[4]

The issues for decision are whether: (1) we have jurisdiction to review the NFTL filing for petitioner's December 31, 2010, Form 941 liability; (2) petitioner may challenge its underlying liabilities (and if so, the correct amounts of the underlying liabilities); and (3) the Appeals Office abused its discretion in sustaining the NFTL filing and the proposed levy action. We hold that we do not have jurisdiction to review the NFTL filing for petitioner's December 31, 2010, Form 941 liability, that petitioner cannot challenge the underlying liabilities for the periods over which we have jurisdiction, and that the Appeals Office did not abuse its discretion. We sustain the IRS' determinations for the periods over which we have jurisdiction.

---

[3]Petitioner's Form 940 liability with respect to the 2009 taxable year is prorated because petitioner was formed during 2009. See infra p. 5. Employment tax liabilities for periods before petitioner's formation are the subject of the opinion in Lunnon v. Commissioner, T.C. Memo. 2015-156. See sec. 301.7701-2(c)(2)(iv), Proced. & Admin. Regs. The trust fund recovery penalties that the IRS proposed to assess against Mr. Lunnon with respect to the Form 941 liabilities for the periods at issue are not before the Court.

[4]For the remainder of this report we use the term "employment tax" to refer to taxes under FICA, secs. 3101-3128, FUTA, secs. 3301-3311, and income tax withholding, secs. 3401-3406 and 3509.

## Background

The parties submitted this case fully stipulated under Rule 122. The stipulated facts and facts drawn from stipulated exhibits are incorporated herein by this reference.[5] Petitioner's principal place of business was in Gallup, New Mexico, when the petition was filed.

Petitioner is a single-member LLC formed in 2009 that operates as a franchise of the business The UPS Store. Its manager and sole member is Michael E. Lunnon.[6] From 1995 until petitioner's formation in 2009, Mr. Lunnon operated the franchise business as a sole proprietorship, originally under the name Mail Boxes Etc. Mr. Lunnon reported wages and paid employment taxes with respect to employees of the franchise to the State of New Mexico until 2002. He also filed Forms 941 with the IRS for the December 31, 2001, quarter through the March 31, 2003, quarter. During the periods at issue petitioner paid an average of five

---

[5]Petitioner objected to Exhibit 3-J, respondent's request for admissions, because it was not part of the administrative record. When this case was recalled at the June 2, 2014, Albuquerque, New Mexico, trial session, we reserved ruling on petitioner's objection. We decide this case without regard to deemed admissions under Rule 90(c), and we treat petitioner's objection as moot.

[6]The IRS revenue officer's case notes suggest that Mr. Lunnon at one point represented that the Michael Lunnon Revocable Trust was at least a partial owner of petitioner. However, the case notes also state that Mr. Lunnon is the only member listed on petitioner's articles of organization, and the record does not contain any information about the Michael Lunnon Revocable Trust.

individuals approximately twice per month. Mr. Lunnon has maintained a workers' compensation and employer's liability insurance policy since at least 2003.[7] A 2006 insurance policy application that Mr. Lunnon signed and submitted for his business shows an estimated annual payroll of $75,000. The policy was renewed every year until at least 2011. However, petitioner did not file Forms 941 or Forms 940 or pay any employment tax for the periods at issue.

After the IRS had summoned and reviewed bank records associated with petitioner's business and made a field call to the business, the IRS concluded that petitioner had paid employees approximately $7,440 per month[8] and therefore had employment tax liabilities for the periods at issue. Although the IRS requested that Mr. Lunnon file on behalf of petitioner employment tax returns for the delinquent periods, Mr. Lunnon refused, and Revenue Officer T.W. Lyons prepared a substitute for return under section 6020(b) for each period at issue.

The revenue officer sent petitioner a Letter 1085(DO), dated March 31, 2011, by certified mail to the business address. One of the individuals who the

---

[7]Mr. Lunnon, not petitioner, is the named insured on the insurance policy for the periods at issue even though Mr. Lunnon operated his business through petitioner during that time.

[8]This figure does not include the amount that petitioner paid to Mr. Lunnon as a wage.

IRS had determined was an employee, Cameron Curley, signed the certified mail receipt on April 4, 2011. The letter informed petitioner about the substitutes for returns and stated that petitioner had 30 days to prepare and mail employment tax returns, mail additional information petitioner wanted the IRS to consider, or request a conference with Revenue Officer Lyons. The letter further stated that the IRS would process the substitutes for returns and assess the tax reflected on the returns "plus any additional penalties and interest" if petitioner did not respond within 30 days. The letter explained that petitioner's representative could request a meeting or a telephone conference with the revenue officer's supervisor if petitioner did not agree "with any or all of the IRS findings given you". If petitioner still did not agree with the findings after a conference with the supervisor, it would have the opportunity to "appeal * * * [its] case to the Area Director of General Appeals."

Petitioner or its representative did not respond to the Letter 1085(DO) within 30 days. The IRS processed the substitutes for returns and assessed the tax. On August 2, 2011, the IRS mailed to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), with respect to the periods at issue. In the levy notice the IRS proposed for the first time additions to tax under section 6651(a)(3) for late payment. The IRS also mailed to

petitioner a Letter 3172(DO), Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated August 11, 2011, with respect to the liabilities at issue, including the December 31, 2010, Form 941 liability. In response to these notices petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, signed by Mr. Lunnon in his capacity as "member/manager". The hearing request disputed the proposed levy and the NFTL filing, requested withdrawal of the NFTL filing, and stated: "The LLC does not understand any basis for the claims made in the FINAL NOTICE, and does not believe the LLC owes them."

Petitioner's case was transferred to Settlement Officer Joann Mares in the IRS Appeals Office. Settlement Officer Mares scheduled a telephone conference call for February 28, 2012, but Mr. Lunnon told Settlement Officer Mares that petitioner preferred to conduct the section 6320/6330 hearing through correspondence, and neither he nor another representative participated in a telephone conference. Settlement Officer Mares agreed to conduct the hearing through correspondence and requested that petitioner provide financial information and file its delinquent employment and income tax returns by February 28, 2012. Petitioner did not give Settlement Officer Mares any of the requested financial information and did not file the requested returns by the

deadline. Settlement Officer Mares allowed petitioner an additional 14 days to comply with her request. Instead of providing any information to Settlement Officer Mares, Mr. Lunnon initiated a Freedom of Information Act request on petitioner's behalf for any documents the IRS had proving that petitioner had paid employees and was subject to filing employment tax returns for the periods at issue.

Because petitioner did not give Settlement Officer Mares any pertinent information, she sustained the proposed levy and the NFTL filing on the basis of the information in the administrative record. On March 27, 2012, the Appeals Office issued two documents titled Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.

One notice sustained the collection action for the liabilities at issue, except that it did not address the proposed levy or the NFTL filing for petitioner's December 31, 2010, Form 941 liability (first notice of determination). The first page of the first notice of determination had a list titled "Tax Period(s) Ended", which listed the taxable periods to which the notice pertained and included the December 2010 taxable period.[9] The third page of the first notice of determination

---

[9]The taxable period for Form 940 liabilities is often identified as the last day of the calendar year, see, e.g., J&S Auto Painting, Inc. v. Commissioner, T.C.

(continued...)

contained two tables detailing to which taxable periods and collection activities the notice pertained. The first table included the proposed levy of the Form 941 liabilities for the quarters ending June 30, 2009, through September 30, 2010, inclusive, and of the Form 940 liabilities for the taxable periods "12/31/09" and "12/31/10". The second table included the NFTL filing with respect to the Form 941 liabilities for the quarters June 30, 2009, through September 30, 2010, inclusive, and with respect to the Form 940 liabilities for the taxable periods "12/31/09" and "12/31/10".

The other notice of determination sustained the proposed levy of petitioner's December 31, 2010, Form 941 liability (second notice of determination). The first page of the second notice of determination listed the relevant taxable period as December 2010. A table on the third page clarified that the notice pertained only to the proposed levy of petitioner's December 31, 2010, Form 941 liability.

---

[9](...continued)
Memo. 2013-232, at *5 (concerning a Form 940 liability "for the taxable year ended December 31, 2010"); Everett Assocs., Inc. v. Commissioner, T.C. Memo. 2012-143, slip op. at 2 (concerning a Form 940 liability "for the year ended December 31, 2001"), and therefore the reference to December 2010 to indicate petitioner's 2010 Form 940 liability is not inapposite. The third page of the first notice of determination referred to petitioner's Form 940 liabilities for the taxable periods "12/31/09" and "12/31/10".

Neither the first notice of determination nor the second notice of determination (together, original notices of determination) addressed the NFTL filing for petitioner's December 31, 2010, Form 941 liability or the proposed section 6651(a)(3) additions to tax. The original notices of determination concluded that petitioner did not properly challenge the underlying liabilities and incorrectly stated that the employment taxes were assessed on the basis of voluntarily filed returns.

Petitioner timely filed a petition in this Court disputing the original notices of determination. In preparation for trial the IRS subpoenaed additional bank records and documents related to the workers' compensation insurance policy. Respondent subsequently filed a motion to remand petitioner's case to the Appeals Office because, during the section 6320/6330 hearing, the settlement officer did not fully explain to petitioner the basis for the employment tax assessments, did not make a determination about whether petitioner was entitled to challenge the underlying liabilities, and did not include the NFTL filing for petitioner's December 31, 2010, Form 941 liability on either notice of determination. We granted respondent's motion.

On remand the case was returned to Settlement Officer Mares. Settlement Officer Mares mailed to petitioner the documents that the IRS had relied upon to

assess the underlying liabilities and documents supporting the assessments that the IRS had obtained during the pendency of the Tax Court case, including copies of checks drawn on petitioner's bank account that Mr. Lunnon wrote to the same individuals twice per month, employment tax transcripts from the State of New Mexico, workers' compensation insurance policy documents, IRS transcripts, and internal IRS documents summarizing petitioner's bank records. Settlement Officer Mares also mailed to petitioner a letter dated August 22, 2013, which stated: "I wasn't sure if you understood [upon the receipt of the Letter 1085(DO)] that you could have prepared and signed tax returns that you believe are correct and return them to the IRS within 30 days. If you have the correct returns you may submit these to me on or before August 31, 2013 so that the Internal Revenue Service can process them."[10] The letter also asked petitioner to explain its relationship with Cameron Curley and requested that petitioner submit financial information to Settlement Officer Mares and file the delinquent Forms 941 and 940 for the periods at issue by August 31, 2013, so that she could consider collection alternatives. The letter also warned petitioner that, if it did not respond to the

---

[10]The letter erroneously referenced taxable periods not at issue, and although the recipient of the letter was LG Kendrick, LLC, the salutation read: "Dear Mr. Lunnon". Settlement Officer Mares later clarified in a subsequent letter that the August 22, 2013, letter in fact related to petitioner's employment tax liabilities for the periods at issue.

letter, Settlement Officer Mares would make a supplemental determination on the basis of information already in the record.

Instead of supplying the requested information, Mr. Lunnon sent a letter to Settlement Officer Mares challenging the documents that respondent had provided because at least some of them were not available when the IRS made its original determinations and because some of the documents referred to Mr. Lunnon rather than to petitioner. In response Settlement Officer Mares allowed petitioner until September 13, 2013, to prepare the requested returns using the documents that respondent had provided to it or any other additional information petitioner had. Mr. Lunnon did not cause petitioner to file the delinquent returns or send Settlement Officer Mares pertinent information. Instead, Mr. Lunnon continued to challenge the relevancy of the documents respondent had provided but did not say the documents reflected incorrect information or deny that petitioner had employees for the periods at issue.

Because petitioner did not file the delinquent returns or provide information after multiple opportunities to do so, the Appeals Office issued to petitioner a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (supplemental notice of determination) on the basis of the information in the administrative record. The Appeals Office determined that

petitioner had had a prior opportunity to contest the underlying liabilities and that, even if the Appeals Office were able to consider it, petitioner had failed to submit evidence adequately contesting the underlying liabilities after a reasonable opportunity to do so. The supplemental notice of determination also stated that it "includes the period ending 12/31/2010 for both the levy and the lien as the taxpayer requested." As petitioner did not request a collection alternative or provide any relevant information with respect to its NFTL filing withdrawal request, Settlement Officer Mares determined to sustain the collection actions. The supplemental notice of determination did not provide petitioner with additional appeal rights beyond those associated with the original notices of determination.

## Discussion

### I. Section 6320/6330 Hearing

Section 6321 imposes a lien on all property and property rights of a taxpayer liable for taxes where a demand for the payment of the taxes has been made and the taxpayer fails to pay. The IRS is authorized to file an NFTL with respect to a taxpayer who has an outstanding tax liability and fails to pay after

notice and demand. Sec. 6323. Section 6320(a) requires the Secretary[11] to send written notice to the taxpayer of the filing of an NFTL and of the taxpayer's right to an administrative hearing on the matter. The conduct and scope of section 6320 hearings are governed by section 6330(c), (d) (other than paragraph (2)(B)), (e), and (g). Sec. 6320(c).

The Secretary is authorized to collect tax by levy upon a taxpayer's property if any taxpayer liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment. Sec. 6331(a). Section 6330(a) requires the Secretary to send written notice to the taxpayer of the taxpayer's right to request a section 6330 hearing before a levy is made. If the taxpayer makes a timely request for a hearing, the IRS Appeals Office conducts the hearing. Sec. 6330(b).

At a section 6320 or 6330 hearing a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives, such as an offer-in-compromise or an installment agreement. Sec. 6330(c)(2)(A). Additionally, the taxpayer may contest the validity of the underlying tax liability, but only if the taxpayer did not

_____

[11]The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B).

otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must issue a notice of determination regarding the appropriateness of the collection action. The Appeals Office is required to take into consideration: (1) verification presented by the Secretary that the requirements of applicable law and administrative procedure have been met, (2) relevant issues that the taxpayer raised, and (3) whether the proposed collection action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3); Wadleigh v. Commissioner, 134 T.C. 280, 287-288 (2010).

Pursuant to sections 6320(c) and 6330(d)(1), we have jurisdiction to review the Appeals Office's determination. See Murphy v. Commissioner, 125 T.C. 301, 308 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). Where the validity of the underlying tax liability is properly at issue, we review the determination regarding the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review all other determinations for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. In reviewing for abuse of discretion, we

must uphold the Appeals Office's determination unless it is arbitrary, capricious, or without sound basis in fact or law.  See, e.g., Murphy v. Commissioner, 125 T.C. at 320; Taylor v. Commissioner, T.C. Memo. 2009-27, 97 T.C.M. (CCH) 1109, 1116 (2009).

II.     Jurisdiction To Review the NFTL Filing for Petitioner's December 31, 2010, Form 941 Liability

Questions of jurisdiction may be raised by either party or the Court at any stage of a proceeding.  Moorhous v. Commissioner, 116 T.C. 263, 272 (2001) (citing Smith v. Commissioner, 96 T.C. 10, 13-14 (1991)).  The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only when Congress has expressly authorized it to do so.  See sec. 7442; Breman v. Commissioner, 66 T.C. 61, 66 (1976); see also Rule 13(b).  The Court has jurisdiction to determine its jurisdiction over a particular case.  Kluger v. Commissioner, 83 T.C. 309, 314 (1984).  Moreover, the Court's jurisdiction cannot be enlarged by the parties' agreement, or waiver, or failure to object.  Romann v. Commissioner, 111 T.C. 273, 281 (1998).

Although the IRS had sent petitioner a Letter 3172(DO), and petitioner had requested a section 6320 hearing, with respect to the NFTL filing for the December 31, 2010, Form 941 liability, the original notices of determination did

not include the NFTL filing for that liability as a collection action for which the IRS had made a determination. However, the supplemental notice of determination stated that it "includes the period ending 12/31/2010 for both the levy and the lien as the taxpayer requested." Respondent contends that the Court has jurisdiction to review the NFTL filing for the December 31, 2010, Form 941 liability because its omission from the original notices of determination was an inadvertent clerical error, petitioner "substantively received a hearing with respect to" the collection action, and the supplemental notice of determination "simply clarifies that the hearing and determination [with respect to the liability] were embedded in the original notices of determination and hearing."[12] We therefore consider whether the original notices of determination confer jurisdiction over the NFTL filing for petitioner's December 31, 2010, Form 941 liability, and if not, whether the supplemental notice of determination cures the jurisdictional defect.

In Lunsford v. Commissioner, 117 T.C. 159, 164 (2001), we held that the only statutory requirements for jurisdiction under section 6330(d)(1)(A) were "a written notice that embodies a determination to proceed with the collection of the

_____

[12]On June 10, 2015, the Court ordered respondent to file a memorandum brief explaining his position with respect to this jurisdictional issue. The Court permitted but did not require petitioner to file an answering brief by August 14, 2015, and petitioner did not do so.

taxes in issue, and a timely filed petition."  Although the Appeals Office's determination need not follow a particular format, see Craig v. Commissioner, 119 T.C. 252 (2002), the determination must be in writing, see Lunsford v. Commissioner, 117 T.C. at 164; sec. 301.6330-1(e), Q&A-E8, Proced. & Admin. Regs.  If the Appeals Office does not issue a written determination with respect to a particular taxable period or liability under sections 6320/6330, the absence of such a determination is grounds for dismissal of a petition regarding that period or liability.  See Offiler v. Commissioner, 114 T.C. 492, 498 (2000).  It therefore follows that a notice of determination must specify to which taxable period, liability, and collection action it relates[13] or, at the very least, provide sufficient

_____

[13]Similarly, we and several U.S. Courts of Appeals have stated that a valid notice of deficiency must at a minimum (1) advise the taxpayer that the IRS has made a determination and (2) specify the amount of the deficiency and the tax year involved.  See Geiselman v. United States, 961 F.2d 1 (1st Cir. 1992); Portillo v. Commissioner, 932 F.2d 1128, 1132 (5th Cir. 1991), aff'g in part, rev'g in part, and remanding T.C. Memo. 1990-68; Abrams v. Commissioner, 814 F.2d 1356, 1357 (9th Cir. 1987), aff'g 84 T.C. 1308 (1985); Alford v. Commissioner, 800 F.2d 987, 988 (10th Cir. 1986), aff'g 84 T.C. 1308 (1985); Benzvi v. Commissioner, 787 F.2d 1541, 1542 (11th Cir. 1986); Commissioner v. Stewart, 186 F.2d 239, 242 (6th Cir. 1951) (finding a deficiency notice valid where it fairly advised the taxpayer of the amount and year of the deficiency and the taxpayer was "fully advised * * * of the reasons forming the basis for the Commissioner's action"); Kellogg v. Commissioner, 88 T.C. 167, 172 (1987); see also Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937) ("[T]he notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough.").

information so that the taxpayer cannot reasonably be deceived as to these items.[14]

See Commissioner v. Forest Glen Creamery Co., 98 F.2d 968, 971 (7th Cir. 1938), rev'g and remanding 33 B.T.A. 564 (1935); Erickson v. Commissioner, T.C. Memo. 1991-97, 61 T.C.M. (CCH) 2073, 2076-2077 (1991).

Normally a notice of determination includes these key pieces of information and our jurisdiction to review a collection action for a particular taxable period and liability is soundly established. When a notice of determination does not clearly set forth this information, we must determine whether the notice is valid. An invalid notice cannot form the basis for our jurisdiction, and the Commissioner may proceed with the collection action only if he subsequently issues a valid notice with attendant appeal rights. See sec. 6330(c)(3); Smith v. Commissioner, 124 T.C. 36, 44 (2005) (describing invalid notices of determination as "void and of no effect").

In certain circumstances we have held that a flaw in a jurisdictional notice is not fatal if the notice, along with any attachments, is sufficient to apprise the taxpayer of the Commissioner's determination and the taxpayer was not prejudiced

---

[14]The Appeals Office's determination must also take into consideration the items listed in sec. 6330(c)(3).

or misled by the flaw.[15]  See John C. Hom & Assocs., Inc. v. Commissioner, 140 T.C. 210, 213 (2013) ("Mistakes in a notice will not invalidate it if there is no prejudice to the taxpayer." (citing Elings v. Commissioner, 324 F.3d 1110 (9th Cir. 2003))).  For example, we have held that typographical errors in a jurisdictional notice as to the taxable period do not invalidate the notice where the notice gives the taxpayer sufficient information to determine the period to which the notice relates.  See, e.g., Saint Paul Bottling Co. v. Commissioner, 34 T.C. 1137, 1138-1139 (1960) (finding a notice of deficiency valid when it erroneously referred to the wrong years and the taxpayers were not misled by the error); McCollin v. Commissioner, T.C. Memo. 2010-93, slip op. at 2 n.2 (finding a notice of determination valid when an attachment to the notice referred to an incorrect year but the notice itself and other relevant documents contained the correct year); Petaluma FX Partners, LLC v. Commissioner, T.C. Memo. 2007-254, slip op. at 6-8 (finding a notice of final partnership administrative adjustment referring to a taxable year ended August 31, 2000, valid when:  the taxpayer's taxable year ended December 31, 2000; the Commissioner made adjustments to

---

[15]Because a notice of determination under secs. 6320/6330 is the jurisdictional equivalent to a notice of deficiency, caselaw regarding the validity of a notice of deficiency pursuant to sec. 6212 also informs our holding.  See Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

the correct year; and the partnership did not exist until the end of August 2000);

Call v. Commissioner, T.C. Memo. 2005-289, slip op. at 17 n.3 (stating that a

typographical error in the notice of determination erroneously referring to 1999 as

1990 did not affect the notice), aff'd, 230 F. App'x 758 (9th Cir. 2007); Anderten

v. Commissioner, T.C. Memo. 1993-2, 65 T.C.M. (CCH) 1697, 1698 (1993)

(finding a notice of deficiency that incorrectly referred to 1987 when the

Commissioner determined a deficiency for 1986 was valid when, taking the entire

document into consideration, the taxpayer could not have been misled); Erickson

v. Commissioner, 61 T.C.M. (CCH) at 2076-2077 (finding that a taxpayer was not

misled even though in some places the notice of deficiency referred to 1984

instead of the correct year 1982); Fernandez v. Commissioner, T.C. Memo. 1979-

476, 39 T.C.M. (CCH) 569, 571-572 (1979) (holding that a typographical error in

a notice of deficiency did not invalidate the notice when "the facts clearly show

that petitioners reasonably could not have been deceived as to the year covered by

the notice of deficiency"); Smith v. Commissioner, T.C. Memo. 1979-16, 38

T.C.M. (CCH) 51, 52-53 (1979) (finding a notice of deficiency valid when the

taxpayers were not confused or misled by the typographical errors in the notice of

deficiency referring to 1974-75 instead of 1972-73).

However, the instant case is distinguishable from cases where the jurisdictional notice contained a typographical or other minor error but still revealed on its face that the Commissioner had made a determination with respect to a particular period. The tables within the original notices of determination listed all periods and collection activities for which the Appeals Office had made determinations. They did not include the NFTL filing for petitioner's December 31, 2010, Form 941 liability. Nothing in the remainder of the notices hints that the Appeals Office made a determination with respect to the NFTL filing for that liability. The references to the taxable period December 2010 on the first pages of the original notices of determination do not provide clarification because the notices address other collection activities with respect to that period.[16] See supra pp. 9-10 and note 9.

In short, the original notices of determination were devoid of any information from which a reasonable person could conclude that the Appeals Office had made a determination with respect to the NFTL filing for the December

---

[16]Although sec. 6320 and sec. 6330 hearings are often held jointly when the Commissioner has proposed to levy and has filed an NFTL with respect to the same taxable period, a proposed levy and an NFTL filing are distinct collection activities for which the Commissioner must make separate determinations, even if those determinations are embodied in the same notice of determination. See secs. 6320, 6321, 6330, 6331.

31, 2010, Form 941 liability. The fundamental purpose of a notice of determination, i.e., to notify the taxpayer of the Appeals Office's determination to sustain a collection action for a particular taxable period, was not fulfilled. We also do not look behind the notice, as respondent urges us to do, to determine whether petitioner "substantively received a hearing with respect to" the December 31, 2010, Form 941 liability. It is the Appeals Office's written determination, not the fact that a section 6320/6330 hearing occurred, that is the basis for our jurisdiction. Cf. Lunsford v. Commissioner, 117 T.C. at 164-165 (holding that a notice valid on its face and a timely filed petition confer jurisdiction on this Court whether or not the taxpayer had a fair section 6320/6330 hearing). We therefore hold that the original notices of determination do not confer jurisdiction on this Court with respect to the NFTL filing for petitioner's December 31, 2010, Form 941 liability.

After petitioner filed its petition, we remanded this case to the Appeals Office, and the Appeals Office issued a supplemental notice of determination. The notice stated that "[t]his Supplemental Notice of Determination includes the period ending 12/31/2010 for both the levy and the lien as the taxpayer requested." We must therefore determine whether a supplemental notice may form the basis for our jurisdiction under sections 6320/6330 when the original notices of

determination did not include a determination to sustain a collection activity for a particular period or liability.

We considered whether a supplemental notice of determination can form the basis for our jurisdiction under sections 6320/6330 in Ginsberg v. Commissioner, 130 T.C. 88 (2008). In Ginsberg, the Commissioner issued a notice of determination sustaining a proposed levy of the taxpayer's trust fund recovery penalties. Id. at 89-90. The Court lacks jurisdiction over these penalties in deficiency cases, see secs. 6211, 6213(a), and the Commissioner issued the notice of determination before the enactment of the Pension Protection Act of 2006 (PPA), Pub. L. No. 109-280, sec. 855(a), 120 Stat. at 1019, which expanded the Court's section 6320/6330 jurisdiction to include review of the Commissioner's collection activity regardless of the type of underlying tax, see Callahan v. Commissioner, 130 T.C. 44, 48 (2008). The taxpayer therefore disputed the notice of determination by filing a complaint with the U.S. District Court for the District of New Jersey, which subsequently remanded the case to the IRS Appeals Office. Ginsberg v. Commissioner, 130 T.C. at 90. After Congress had enacted the PPA, the Appeals Office issued a supplemental notice of determination sustaining the collection action, and the taxpayer filed a petition in this Court disputing the supplemental notice. Id.

In holding that we lacked jurisdiction over the supplemental notice, we noted that a taxpayer is entitled to only one section 6320 and 6330 hearing with respect to a tax period, which in turn yields only one lien or levy determination for each period. See id. at 92. Although the initial determination may be supplemented following a remand, "[t]he supplemental determination notice is merely a supplement to the original determination notice and relates back to the original determination notice. It is not a new determination and does not provide the taxpayer any additional appeal rights." Id. at 92-93 (fn. ref. omitted). Because we lacked jurisdiction over the original notice of determination, we similarly lacked jurisdiction over the determination as supplemented. See id. at 93.

Respondent contends that Ginsberg is distinguishable from this case because, "rather than attempting to confer additional jurisdiction on the Court that could not have been present in the original notice, the supplemental notice in this case simply clarifies that the original hearing and determination in this case substantively included the period ending December 31, 2010 for the lien notice". We disagree with respondent that Ginsberg is distinguishable. As in Ginsberg, the original notices of determination did not confer jurisdiction on the Court. It does not matter that a predicate determination "could * * * have been present in the original notice[s]" or that, as respondent contends, such a determination was

"embedded in the original notices". We have already found <u>supra</u> that the original notices of determination did not embody a determination to sustain the NFTL filing for petitioner's December 31, 2010, Form 941 liability. The supplemental notice merely relates back to the original notices and is not a new determination. See <u>id.</u> at 92-93. It did not provide petitioner with any additional appeal rights and therefore cannot form the basis for our jurisdiction under sections 6320 and 6330. See <u>id.</u> at 93 & n.3 ("If we do not have jurisdiction to review the original determination notice, * * * the issuance of a supplemental determination notice does not give us jurisdiction.").

The original notices of determination were insufficient to confer jurisdiction to review the NFTL filing for petitioner's December 31, 2010, Form 941 liability. A supplemental notice of determination cannot cure this jurisdictional defect. Therefore, we do not have jurisdiction to review the NFTL filing for petitioner's December 31, 2010, Form 941 liability.

III.    The Underlying Liabilities

We next review whether petitioner may challenge the underlying liabilities with respect to the taxable periods over which we have jurisdiction. Petitioner has continuously maintained that it does not owe the underlying employment taxes because (1) the IRS has the burden of proving that petitioner paid employees for

the periods at issue and (2) the IRS did not meet this burden because it may not rely on documentary evidence obtained after the issuance of the original notices of determination to sustain the assessed taxes. Respondent contends that petitioner may not challenge the underlying liabilities because the Letter 1085(DO) constituted a prior opportunity to dispute the liabilities and because petitioner did not properly raise the issue with the Appeals Office. Because we find that petitioner did not properly raise the underlying liabilities with the Appeals Office after a reasonable opportunity to do so, we do not address whether the Letter 1085(DO) provided petitioner with a prior opportunity to challenge the liabilities. See Caudle v. Commissioner, T.C. Memo. 2014-196, at *6-*7 n.2, aff'd, 603 F. App'x 220 (4th Cir. 2015).

In reviewing a determination under section 6330(c)(2), including challenges to the underlying liability, we consider only issues that the taxpayer properly raised during the section 6320/6330 hearing. Secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see Giamelli v. Commissioner, 129 T.C. 107, 115 (2007). The taxpayer does not properly raise an issue, including the underlying liability, during the hearing if it "fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence." Secs. 301.6320-1(f)(2), Q&A-F3,

301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see Pough v. Commissioner, 135 T.C. 344, 349 (2010).

On remand petitioner had ample opportunity to file its delinquent tax returns and present any other information that it wanted Settlement Officer Mares to consider with respect to the employment tax liabilities. In the letter dated August 22, 2013, Settlement Officer Mares stated that, because petitioner may not have been aware of the opportunity to submit its own returns upon receipt of the Letter 1085(DO), the IRS would process the delinquent returns for the periods at issue if petitioner submitted them by August 31, 2013. Even though petitioner responded to this request with generally unhelpful and irrelevant information, Settlement Officer Mares allowed petitioner an extension of time to file the returns until September 13, 2013. She told petitioner that it could use the documents that respondent had provided or any additional information to prepare the returns. Instead of filing returns or producing any relevant information, petitioner continued to assert that it was not liable for the underlying liabilities because respondent could not prove, using only information available during the original hearing, the existence of any employees.

Petitioner, rejecting the documentary evidence that respondent obtained during the trial as untimely and therefore irrelevant, quotes Gatlin v.

Commissioner, 754 F.2d 921, 923 (11th Cir. 1985), aff'g T.C. Memo. 1982-489, for the proposition that "a taxpayer should not bear the burden of proving a negative (no unreported income) if the Commissioner can present no substantive evidence to support his deficiency claim." However, Gatlin is a deficiency case and does not address the requirements for properly raising an issue before the Appeals Office. See id.

On remand the Appeals Office provided petitioner with documentary evidence of petitioner's employees, including copies of checks, summaries of petitioner's own bank records, documents showing employment tax payments to the State of New Mexico, and bills and renewal notifications from the workers' compensation insurance policy, and petitioner still did not produce its own evidence tending to refute the Appeals Office's determinations. Petitioner contends that the documentary evidence is insufficient because it includes references to taxable periods not at issue. Although the record contains references to taxable periods other than the ones at issue here, it also contains documentary evidence related to the periods at issue.

Petitioner also invokes the Chenery doctrine, although not by name, to discount respondent's evidence by contending that the determinations cannot be upheld on grounds other than those upon which the Appeals Office actually relied.

See SEC v. Chenery Corp., 332 U.S. 194 (1947); SEC v. Chenery Corp. (Chenery I), 318 U.S. 80 (1943); Antioco v. Commissioner, T.C. Memo. 2013-35, at \*24-\*25. Petitioner interprets this doctrine to mean that respondent may not consider documentary evidence during a remand section 6320/6330 hearing that was unavailable at the original hearing.

Petitioner is correct in stating that we uphold the Appeals Office's determination only on grounds upon which the Appeals Office actually relied in the notice of determination. See Chenery I, 318 U.S. at 93-95; Antioco v. Commissioner, at \*24-\*25; Jones v. Commissioner, T.C. Memo. 2012-274, at \*22-\*23. However, sections 6320(b)(2) and 6330(b)(2) provide that a taxpayer is entitled to only one hearing with respect to either an NFTL filing or a proposed levy, respectively, for the taxable period related to the unpaid liability.[17] Freije v. Commissioner, 131 T.C. 1, 5 (2008), aff'd, 325 F. App'x 448 (7th Cir. 2009); Kelby v. Commissioner, 130 T.C. 79, 86 (2008). A hearing on remand is a supplement to the taxpayer's original section 6320/6330 hearing and provides the parties with the opportunity to complete the initial section 6320/6330 hearing while preserving the taxpayer's right to receive judicial review of the ultimate

[17]To the extent it is practicable, a sec. 6330 hearing will be held in conjunction with a sec. 6320 hearing. Sec. 301.6330-1(d)(2), Q&A-D3, Proced. & Admin. Regs.

administrative determination. <u>Wadleigh v. Commissioner</u>, 134 T.C. at 299; <u>Kelby v. Commissioner</u>, 130 T.C. at 86. The Appeals Office on remand is not constrained by the original administrative record, as often the purpose of remand is to augment a deficient record. <u>See</u> <u>Hoyle v. Commissioner</u>, 136 T.C. 463, 468-469 (2011), <u>supplementing</u> 131 T.C. 197 (2008); <u>see also</u> <u>Meyer v. Commissioner</u>, T.C. Memo. 2013-268, at *27-*30 (remanding a case to the Appeals Office to supplement the administrative record to show that a notice of deficiency was properly mailed). The Appeals Office makes a single determination with respect to an NFTL filing or a proposed levy for a taxable period. <u>Kelby v. Commissioner</u>, 130 T.C. at 86. When this Court remands a case and the Appeals Office issues a supplemental notice of determination, we review the determination as supplemented.[18] <u>Id.</u>

On remand Settlement Officer Mares had access to and relied upon documentation unavailable during the original hearing. Respondent provided these documents, subpoenaed in preparation for trial, to petitioner upon receipt

---

[18]Because we review the determination as supplemented, the remand cured misstatements of fact in the original notices of determination, such as the incorrect assertion that petitioner voluntarily filed employment tax returns. <u>See</u> <u>Kelby v. Commissioner</u>, 130 T.C. 79, 86 (2008); <u>Langley v. Commissioner</u>, T.C. Memo. 2015-11 (sustaining a supplemental notice of determination after the taxpayer's sec. 6330 hearing was remanded because the notice of determination relied upon misstatements in the administrative record).

and incorporated them into the administrative record on remand.  We remanded this case in part for the Appeals Office to clarify whether petitioner had had a prior opportunity to challenge the underlying liabilities and to explain to petitioner the basis of the underlying assessments.  Settlement Officer Mares appropriately relied on the additional documents to carry out the Court's remand order and did not violate the Chenery doctrine in doing so.  Petitioner may not distort the law to justify its continued refusal to cooperate with respondent or its abdication of the fundamental responsibilities of maintaining records and filing tax returns.  See Hoyle v. Commissioner, 136 T.C. at 468; Jordan v. Commissioner, T.C. Memo. 2011-243, slip op. at 8 ("When we remand a case to the Appeals Office to clarify the record * * *, the Appeals Office is not limited to what the Appeals Office considered during the first administrative hearing." (citing Hoyle v. Commissioner, 136 T.C. at 468)), supplementing 134 T.C. 1 (2010); see also sec. 6001; secs. 31.6011(a)-1(a)(1), 31.6011(a)-3, Employment Tax Regs. (requiring employers to file returns under FICA and FUTA).  Petitioner therefore did not properly challenge the underlying liabilities during the section 6320/6330 hearing, and we do not address them here.[19]  See Pough v. Commissioner, 135 T.C. at 349

_____

[19]Moreover, petitioner did not allege any facts or produce any credible evidence regarding the underlying liabilities in the stipulation of facts or otherwise

(continued...)

(holding that the taxpayer did not properly challenge the underlying liabilities when he did not file amended income tax returns before the Appeals Office issued the notice of determination despite saying he would do so); Busche v. Commissioner, T.C. Memo. 2011-285, slip op. at 32-33 (discussing the taxpayer's and the Commissioner's burdens and responsibilities during a section 6320/6330 hearing); see also sec. 6020(b); Andary-Stern v. Commissioner, T.C. Memo. 2002-212, slip op. at 11 (explaining that, in the absence of a taxpayer-filed return, the Commissioner need only "do the best he can with the information available to him").

We also do not consider the validity of the section 6651(a)(3) additions to tax, which are part of the underlying liabilities. See Katz v. Commissioner, 115 T.C. 329, 338-339 (2000). Section 6651(a)(3) imposes an addition to tax in the case of a failure to pay a tax required to be shown on a return, which was not so shown, within 21 days after the date of the IRS' notice and demand letter. Because the IRS first proposed to assess these additions to tax in the levy notice, petitioner did not have a prior opportunity to dispute the additions to tax and was entitled to challenge them during the section 6320/6330 hearing. See Ramdas v.

_____

[19](...continued)
that would permit us to conclude that it properly raised the issue before the Court. See Rule 331(b)(5); Goza v. Commissioner, 114 T.C. 176, 183 (2000).

Commissioner, T.C. Memo. 2013-104, at *39-*41 (holding that the taxpayer was entitled to challenge a section 6651(a)(3) addition to tax during a section 6330 hearing because the addition to tax did not accrue until after the issuance of the notice of deficiency, assessment, and notice and demand). However, petitioner did not seek administrative review of the additions to tax on his section 6320/6330 hearing request or during the hearing itself, and petitioner did not assign error to the additions to tax in the petition. Neither the original notices of determination nor the supplemental notice of determination addressed the additions to tax.

Pursuant to section 6330(c)(3)(B) the Appeals Office's determination shall take into consideration issues "raised" by the taxpayer under paragraph (2). "Thus, if an issue is never raised at the hearing, it cannot be a part of the Appeals * * * [Office's] determination." Giamelli v. Commissioner, 129 T.C. at 113. We generally cannot review under section 6330(c)(2) respondent's determinations on the basis of an issue that petitioner did not raise and that the Appeals Office never considered, and we therefore do not disturb the determinations on the basis of the nonruling on the section 6651(a)(3) additions to tax. See Magana v. Commissioner, 118 T.C. 488, 493-494 (2002); Ramdas v. Commissioner, at *41; see also Rule 331(b)(4); Funk v. Commissioner, 123 T.C. 213, 218 (2004) (holding that, when a taxpayer fails to assign error in the petition with respect to

an addition to tax, the taxpayer is deemed to have conceded that item and the Commissioner has no obligation to produce evidence to support the determination (citing Swain v. Commissioner, 118 T.C. 358 (2002))). But cf. Hoyle v. Commissioner, 131 T.C. at 201-203 (holding that the Court may review the Appeal Office's verification under section 6330(c)(1) without regard to whether the taxpayer raised it at the section 6320/6330 hearing).

IV.    Conclusion

Because petitioner may not challenge the underlying liabilities, we review the Appeals Office's determinations for abuse of discretion. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. The record supports a finding that the Appeals Office properly verified that the requirements of applicable law and administrative procedure had been met. See sec. 6330(c)(3); Wadleigh v. Commissioner, 134 T.C. at 287-288. Petitioner did not request a collection alternative or file the necessary financial information and past due returns that would have allowed the Appeals Office to consider accepting one. See sec. 6330(c)(2)(A)(iii). Although petitioner checked the box for "Lien Withdrawal" on its section 6320/6330 request, it did not present the Appeals Office with any evidence regarding its entitlement to a withdrawal of the NFTL filing and therefore did not properly raise the issue before the Appeals Office or

this Court.  See Giamelli v. Commissioner, 129 T.C. at 115; Magana v. Commissioner, 118 T.C. at 493-494; sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  The Appeals Office properly balanced the need for efficient collection of taxes with petitioner's concerns regarding the intrusiveness of the proposed collection actions.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.